IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:11CR194 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| GUILLERMO ORTEGA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's objection, Filing No. 26, to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 25. The magistrate judge recommended denying the defendant's motion to suppress, Filing No. 15. See Filing No. 25, F&R at 13. The defendant is charged with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Filing No. 1, Indictment. He seeks suppression of evidence seized by law enforcement officers in a warrantless search of an apartment and garage located at 8405 Ohern Street, Omaha, Nebraska, on May 1, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record including the transcript of the suppression hearing on September 21, 2011, and the exhibits submitted at the hearing. See Filing No. 24, Transcript ("Tr."); Filing No. 21, Exhibit List.

## FACTS

The government does not challenge the factual findings of the magistrate judge. The court therefore accepts the factual findings and they will be repeated herein only as

necessary to the court's opinion. Filing No. 25, F&R at 1-6. The evidence adduced at the hearing establishes that a drug investigation involving Citadel Apartments had been ongoing for some time before the events at issue. Filing No. 24, Tr. at 59, 77. Law enforcement officers had received a tip from an Arizona drug task force member that a certain vehicle would be transporting methamphetamine to the Citadel Apartments. *Id.* at 35, 37, 61.

On May 1, 2011, Omaha Police Department narcotics officers began surveillance of the apartment complex and observed a black Hyundai vehicle, as described by the Arizona task force and bearing Arizona license plates, arrive at the Citadel Apartments and park in Garage No. 89. *Id.* at 37, 39, 75. The officers then observed an two Hispanic males enter the garage, one carrying a toolbox. *Id.* at 41. The two individuals later exited the garage and one was carrying a toolbox and the other was carrying a cooler. *Id.* at 40-41. One of the individuals entered the building. *Id.* at 42. A resident let the officers into the building and the officers began knocking on apartment doors. *Id.* at 64. Meanwhile, another officer determined that Garage No. 89 was associated with Apartment No. 11 and conveyed that information by radio to one of the officers in the apartment building, who then proceeded to that apartment, knocked and announced "police" and "policia." *Id.* at 49-50, 52.

At about the same time, another officer observed a man attempting to push a screen out of a third floor window of the building as well as the defendant in the apartment and radioed that information to the officer in the building. *Id.* at 53. The officer in the building then kicked the door in and entered apartment eleven. *Id.* On entering the apartment, the officers observed two males coming from the bedroom into the livingroom. *Id.* at 54. Officer David Bianchi testified that, after securing the two men, he "announced everybody

in the house not to search for anything, not to look for anything, that we were going to write a search warrant and apply for a search warrant for that apartment." *Id.* at 55. The officers then observed two bags of methamphetamine on the kitchen counter. *Id.*

Ultimately, the officers sought and obtained a search warrant for apartment eleven. *Id.* at 55-56; Ex. 102. Officer Bianchi testified that there was enough evidence to obtain a warrant even before the officers observed the methamphetamine. *Id.* at 55.

The affidavit in support of the search warrant related that members of the Omaha Police Department Narcotics Unit and Homeland Security had been conducting an ongoing investigation of a large scale methamphetamine operation at the apartment complex. Ex. 102 at 1. Officers had information from a confidential, reliable informant that Apartment 11 was being used as a "stash house". *Id.* at 1-2. Officers also had information from a confidential, reliable informant that narcotics activity was occurring at Garage No. 89. *Id.* at 2. They observed conduct suggestive of drug trafficking activity: two Hispanic males entered the garage, one exited carrying a cooler and the other carrying a toolbox. *Id.* The officers also had knowledge from the leasing office that Garage No. 89 was associated with Apartment No. 11 and that the apartment was leased to Emetrio Rosas-Gamas. *Id.* The informant had identified Rosas-Gamas as one of two Hispanic males who were the main parties involved in the methamphetamine operation at the apartment complex. *Id.* at 2.

The magistrate judge found that no exigent circumstances justified the officers' entry into Apartment 11 and that the officers violated Ortega's Fourth Amendment rights by breaching the threshold of the apartment door. Filing No. 25, F&R at 11. However, he found that the evidence was nonetheless admissible under an exception to the exclusionary rule—inevitable discovery—which would apply "if the evidence is gained by means sufficiently distinguishable to be purged of the primary taint of the illegality." *Id.*

The magistrate judge found "the government was pursuing a lawful means of investigation and sought a search warrant in connection with apartment eleven." *Id.* at 12. The magistrate judge found that the affidavit and application for a search warrant contained information showing a fair probability that contraband would be found on the premises. *Id.* Because the officers' observation of methamphetamine in the kitchen was unlawful, the magistrate judge did not consider any description of the apartment or its contents gained from the illegal entry in evaluating the affidavit and application for the search warrant. *Id.* The magistrate judge found "[u]nder the totality of the circumstances, the application and affidavit contains sufficient probable cause to support issuance of the search warrant at issue here, even without the additional information obtained after the officers illegally entered the apartment." *Id.* at 13.

The defendant objects to the magistrate judge's finding, arguing that the government did not argue inevitable discovery and did not sustain its burden to show that the officers inevitably would have discovered the evidence absent the illegal search.

## DISCUSSION

The court agrees with the magistrate judge's conclusion for the reasons stated in the F&R. The issue is not whether the government argued or relied on the inevitable discovery doctrine, but whether the evidence adduced at the hearing showed a reasonable probability that the evidence would have been discovered by lawful means without regard to the illegality of the search. *See, e.g., United States v. Castellanos*, 608 F.3d 1010, 1018 (8th Cir. 2010) (stating that an issue addressed by a court is not the particular theory that would support the admission of evidence, but the broader question of admissibility itself). The court agrees with the magistrate judge that an evaluation of the warrant application without the evidence that was obtained in the unlawful entry shows probable cause. The

4

facts set out in the search warrant application are sufficient to create a fair probability that evidence of crime would be found in Apartment No. 11. The court agrees with the magistrate judge's conclusion that, "[u]nder the totality of the circumstances, the application and affidavit contains sufficient probable cause to support issuance of the search warrant at issue here, even without the additional information obtained after the officers illegally entered the apartment." Accordingly,

IT IS ORDERED:

1. The defendant's objection to the F&R of the magistrate judge (Filing No. 26 ) is overruled.

2. The F&R of the magistrate judge (Filing No. 25) is adopted.

3. The defendant's motion to suppress (Filing No. 15) is denied.

DATED this 5th day of December, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.